

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-080-CR

DAVID KEITH SELBY                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant David Keith Selby pleaded guilty on April 10, 2000, to possession of between one and four grams of cocaine, and the trial court sentenced him to eight years' deferred adjudication community supervision. On October 3, 2007, the State filed a petition to proceed to adjudication, alleging that Selby violated certain terms and conditions of his community supervision. Selby pleaded "true" to each of the allegations, and the trial court adjudicated

---

[1] *See* Tex. R. App. P. 47.4.

his guilt and sentenced him to twenty-five years' confinement.  Selby now appeals.  We will affirm.

Selby's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave Selby the opportunity to file a pro se brief, and he has filed one.[2]

---

[2] Selby argues in his first, second, and third points that the trial court erred by failing to sua sponte hold a competency hearing.  These points are without merit.  *See McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003) (stating that a trial court must conduct a competency inquiry on whether to hold a jury trial on defendant's competency if evidence of the defendant's competency is brought to the attention of the court from any source and the evidence raises a bona fide doubt as to the defendant's competency to stand trial); *Sparks v. State*, No. 02-07-00285-CR, 2008 WL 4180288, at *2–3 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op., not designated for publication) (holding that appellant did not present evidence to the trial court that raised a bona fide doubt that appellant was incompetent to stand trial). Selby argues in his fourth, fifth, and sixth points that his appointed appellate counsel was ineffective for failing to request a competency hearing, for failing to arrange for expert testimony regarding his competency, and for "coercing" him into pleading guilty.  These points are also without merit.  *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (stating that to overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness).

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Selby's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 21, 2009